Electronically FILED by Superior Court of California, County of Riverside on 04/14/2025 05:59 PM
Case Number CVME2503855 0000125846630 - Jason B. Galkin, Executive Officer/Clerk of the Court By Judith Soriano, Clerk

1  Royal DL Bond, ESQ. SBN: 346254
2  **BOND LAW LEGAL GROUP**
   30141 Antelope Rd D228
3  Menifee, CA 92584
   (844) 476-9254| (844) 464-0904
4  royal@bondlawlegal.com

5
   Attorney for Plaintiff LEONARD COLBERT
6

7

8

9                          SUPERIOR COURT OF CALFORNIA

10                              COUNTY OF RIVERSIDE

11

12  LEONARD COLBERT,                          Case No.: CVME2503855

13              Plaintiff,

14                                            COMPLAINT FOR DAMAGES

15         vs.                                1. NEGLIGENCE
                                              2. PREMISES LIABILITY
16                                            3. NEGLIGENT INFLICTION OF
                                                 EMOTIONAL DISTRESS
17                                            4. INTENTIONAL INFLICTION OF
    COUNTY OF RIVERSIDE, CHAD                    EMOTIONAL DISTRESS
18  BIANCO, DOE DEPUTY 1, DOE
    MAINTENANCE WORKER AND DOES 2-25
19  INCLUSIVE,
                                              JURY TRIAL DEMANDED
20              Defendants.

21

22      **COMES NOW PLAINTIFF** LEONARD COLBERT (hereinafter "Plaintiff"), an

23  individual, by and through his attorney, Royal DL Bond, Esq., and for his complaint against the

24  above-named DEFENDANTS, and each of them, allege as follows:

25

26  //

27  //

28

---

COMPLAINT FOR DAMAGES
1

06/19/2025

**INTRODUCTION**

1. This case challenges the willful and deliberate failure of Defendants to provide to Plaintiff, a once incarcerated individual in their care and custody, proper living conditions commensurate with basic standards of decency. This case presents ongoing concerns and violations within the jails owned, operated, and located within the County of Riverside, managed by the Riverside County Sheriff's Department.

2. Defendants have neglected all duties to provide inmate/prisoners, safe, habitable, and acceptable living quarters as mandated by clearly established laws and statutes. Plaintiff was forced to suffer injuries resulting from preventable slip and falls at the behest of Defendants' failure to provide him with a living situation free of nuisances and hazards.

3. As set forth below, Defendants have caused Plaintiff damages and harms for which he is undoubtedly entitled to be compensated for to be made whole according to law.

**PARTIES**

4. Plaintiff LEONARD COLBERT ("Plaintiff") is and was, at all relevant times herein, an individual who was incarcerated in Riverside County and housed at multiple county detention facilities, including the Robert Presley Detention Center, Southwest Detention Center, and Cois Byrd Detention Center (collectively "Riverside County Jails").

5. Defendant COUNTY OF RIVERSIDE ("Defendant" or "County") is a public entity duly organized and existing under the laws of the State of California, and at all times relevant was responsible for the operation, maintenance, and oversight of the Riverside County Jails, including the facilities and housing units where Plaintiff was confined.

6. Defendant CHAD BIANCO is and was, at all relevant times herein, the elected Sheriff of Riverside County, responsible for the oversight, management, and supervision of the Riverside

COMPLAINT FOR DAMAGES
2

06/19/2025

County Sheriff's Department and the policies, customs, training, and operations within all county detention facilities. Plaintiff sues Sheriff Bianco in his official capacity as a policy maker for the County of Riverside and, to the extent he knew or reasonably should have known of the widespread failure to repair hazardous conditions or respond to inmate injuries, in his individual capacity as well.

7.      Defendant DOE DEPUTY 1 is and was, at all relevant times herein an employee, agent, or representative of the County of Riverside, working in the capacity of a custodial officer, correctional deputy, or jail supervisor. Plaintiff is informed and believes, and therefore alleges that DOE Deputy 1 had actual knowledge of the leaking toilet in Plaintiff's cell and Plaintiff's repeated falls and injuries, and willfully failed to take corrective action or move Plaintiff to a safe environment.

8.      Defendant DOE MAINTENANCE WORKER is and was, at all relevant times herei, and employee, agent, or contractor of the County of Riverside, responsible for maintenance and repair of inmate cells and plumbing systems. Plaintiff is informed and believes, and thereon alleges, that DOE Maintenance Worker inspected the leaking toilet after Plaintiff's initial fall, promised repairs or system flushing, but failed to remedy the condition, leading to subsequent preventable injuries.

9.      Plaintiff is unaware of the true names and capacities of Defendants DOES 2 through 25 inclusive, and therefore sues them by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of these defendants is responsible in some manner, whether through acts, omissions or both, for the injuries and damages alleged herein. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

06/19/2025

10.    At all relevant times herein, each of the Defendants, including those named as DOES, was the agent, employee, servant, or representative of every other Defendant,  and in doing the things alleged herein, was acting within the scope of such agency or employment, and with the knowledge, consent, and ratification of the other Defendants.

## JURISDICTION AND VENUE

11. This is an unlimited civil action in excess of $35,000, for the intentional violation of Plaintiff's rights.

12. This Court has jurisdiction over this matter under Article VI, Section 10 of the California Constitution. Venue is proper in the County of Riverside pursuant to Code of Civil Procedure §395 because the events and omissions giving rise to this Complaint occurred in Riverside County.

## FACTUAL ALLEGATIONS

13. On September 18, 2024, Plaintiff was arrested and informed law enforcement that he was disabled and in need of medical attention due to a knee condition. Despite his condition, Plaintiff was denied care and booked into Robert Presley Detention Center under booking number 202441281.

14. Plaintiff was later transferred to a Riverside County Jail, where he again requested and was denied adequate medical treatment for severe knee swelling and pain.

15. On or about September 24, 2024, Plaintiff was transferred to the Cois Byrd Detention Center (hereinafter "CBDC") and placed in cell BH64 in Murietta, California.

06/19/2025

16. On September 25, 2024, Plaintiff slipped and fell in contaminated water leaking from a toilet in cell BH64. He was injured and transported via wheelchair to medical for evaluation, where photos were taken of his injuries, and he was prescribed medication and given an ice pack.

17. Despite assurances that the toilet had been repaired, Plaintiff again slipped on September 28, 2024, in the same cell due to the same unrepaired leak. He was taken to medical, where he reported severe knee and back pain and was given a CT scan and ultrasound before being returned to the same cell.

18. On September 30, 2024, Plaintiff filed a grievance requesting a transfer due to the hazardous condition. A maintenance worker appeared and claimed he would fix the toilet by flushing the system. No confirmation or follow-up occurred.

19. On October 1, 2024, Plaintiff suffered a third fall caused by the still-leaking toilet. He was once again sent to medical where he received X-rays, ice, medication, and a knee brace. He was returned to the same hazardous cell.

20. Plaintiff filed a third grievance. On October 3, 2024, after weeks of complaints and suffering, he was released from custody due to his criminal case dispositioning. The toilet was never repaired.

21. As a result of Defendants' failure to remedy a known hazard, Plaintiff has sustained lasting injuries to his knee and back, ongoing pain, and emotional distress.

**FIRST CAUSE OF ACTION**

(Negligence—Against All Defendants)

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 21 as though fully set forth herein.

23. Defendants owed Plaintiff a duty of reasonable care to maintain safe conditions within the facilities under their control and to respond to known safety and medical hazards in a timely and responsible manner.

24. Defendants breached that duty by failing to repair a known leaking toilet, ignoring multiple complaints and grievances, and returning Plaintiff to a cell with an active and dangerous hazard.

**25.** As a direct and proximate result of Defendants' negligence, Plaintiff suffered repeated injuries, including but not limited to damage to his back and knee, pain and suffering, emotional distress, and economic.

## SECOND CASUE OF ACTION

(Premise Liability—Against All Defendants)

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27. Defendants owned, controlled, operated, or maintained the premises at issue and had a duty to keep those premises in a reasonably safe condition.

28. Defendants created and/or had actual or constructive knowledge of the leaking toilet and failed to warn, repair, or eliminate the hazard in a timely fashion.

29. The condition constituted a dangerous and defective condition that directly caused Plaintiff's injuries.

30. As a result, Plaintiff has suffered and continues to suffer harm as set forth herein.

//

//

//

COMPLAINT FOR DAMAGES

6

06/19/2025

## THIRD CAUSE OF ACTION

(Negligent Infliction of Emotional Distress—Against All Defendants)

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

32. Defendants owed Plaintiff a duty of care to operate and maintain the detention facilities in a reasonably safe and habitable condition, and to avoid creating or allowing conditions that posed an unreasonable risk of harm to Plaintiff's physical and emotional well-being.

33. Defendants breached that duty by knowingly subjecting Plaintiff to an unsafe and hazardous environment, where he repeatedly fell due to a leaking toilet, despite his numerous complaints, medical emergencies, and formal grievances.

34. Plaintiff, who was already disabled and vulnerable at the time of incarceration, experienced repeated trauma, fear, frustration, and emotional distress from being forced to return to a known hazardous condition and suffering recurring injuries,

35. Defendants' conduct was negligent, outrageous, and in reckless disregard for Plaintiff's safety and emotional health, especially after Plaintiff had repeatedly sought help and filed grievances.

36. As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer serious emotional distress, anxiety, depression, fear, and mental anguish in addition to his physical injuries.

37. The emotional distress was serious and not trivial or fleeting and would be experienced by a reasonable person under similar circumstances.

//

//

06/19/2025

## FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress—Against Doe Deputy 1 and Doe Maintenance Worker)

38.  Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

39. At all relevant times, DOE Deputy 1 was a sworn peace officer, correctional deputy, or supervisor employed by the County of Riverside and assigned to oversee inmate safety and housing conditions at CBDC.

40. At all relevant times, DOE Maintenance Worker was an employee or agent of the County of Riverside responsible for maintenance and repair of inmate cells and plumbing systems at the facility, including the cell in which Plaintiff was housed (BH64).

41. Although both DOE Deputy 1 and DOE Maintenance Worker were employees or agents of County of Riverside and acted under color of law within the course and scope of their employment, the acts and omissions alleged herein were done with malice, oppression, or fraud, and outside the scope of any lawful duties, making them personally liable under California law.

42. On or about September 25, 2024, Plaintiff slipped and fell in contaminated water leaking from the toilet in cell BH64, sustaining injuries to his back and knee. This hazardous condition was reported to facility staff, including DOE Deputy 1, who observed the injuries or at the very least had knowledge. There were photos taken, and knew Plaintiff was evaluated by medical staff.

43. Despite actual knowledge of the hazard and Plaintiff's resulting injury, DOE Maintenance Worker, who responded to the scene and was assigned to address the leak, failed to adequately repair the toilet or take it out of service. Plaintiff remained housed in the same cell.

06/19/2025

44. On or about September 28, 2024, Plaintiff again fell due to the same unrepaired leaking toilet, suffering additional injury and trauma. This second fall was also reported to both DOE Deputy 1 and DOE Maintenance Worker, who again failed to take action to repair the hazard or relocate Plaintiff to a safe cell.

45. On or about October 1, 2024, Plaintiff suffered a third fall—once again caused by the same leaking toilet that had been left unaddressed despite repeated injuries, medical visits, and formal grievances. As a result, Plaintiff experienced significant physical and emotional suffering.

46. The conduct of DOE Deputy 1 and DOE Maintenance Worker was extreme and outrageous and carried out with reckless disregard for Plaintiff's health and safety, given their actual knowledge of; (1) Plaintiff's disabled status; (2) Multiple injuries suffered from the same cause; (3) The documented, ongoing, and obvious risk posed by the leaking toilet.

47. This conduct was intentional or undertaken with willful and conscious disregard of Plaintiff's rights and well-being, and constitutes despicable behavior that justifies an award of punitive damages pursuant to California Civil Code §3294(a).

48. Their actions and omissions went beyond mere negligence and demonstrate deliberate indifference to Plaintiff's known and obvious risk of harm, as well as conscious disregard of his repeated pleas for safety and medical accommodation.

49. As a direct and proximate result of this conduct, Plaintiff suffered severe emotional distress, including anxiety, fear, humiliation, mental anguish, and loss of dignity, in addition to physical injuries. These emotional injuries were substantial and lasting.

50. Plaintiff therefore seeks an award of punitive and exemplary damages against DOE Deputy 1 and DOE Maintenance Worker, in their individual capacities, to punish and deter such deliberate misconduct in the future.

06/19/2025

## FIFTH CAUSE OF ACTION

Violation of Civil Rights-- 42 U.S.C. §1983 (*Against Bianco, DOE Deputy 1, DOE Maintenance Worker*—Individual *Liability*)

51. Plaintiff realleges and incorporates by reference paragraphs 1 through 50 as though fully set forth herein.

52. At all relevant times, Defendants DOE Deputy 1, DOE Maintenance Worker, and Sheriff Chad Bianco were acting under color of law within the course and scope of their employment with the County of Riverside and the Riverside County Sheriff's Department.

53. Plaintiff alleges that Defendants subjected him to unconstitutional conditions of confinement in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution by: (1) Failing to maintain a habitable and safe living environment; (2) Ignoring repeated reports of a hazardous condition (leaking toilet and contaminated water); (3) Failing to remedy the hazard after multiple injuries were sustained; (4) Returning Plaintiff to the same cell, thereby subjecting him to further injury.

54. Plaintiff further alleges that Sheriff Chad Bianco, in his individual and supervisory capacity, knew or reasonably should have known of a widespread pattern or practice of unsafe and inhumane jail conditions, including maintenance failures and inadequate inmate housing protocols, and failed to implement proper oversight, training, or corrective action.

55. The conduct of these Defendants amounted to deliberate indifference to Plaintiff's health, safety, and well-being, in violation of clearly established constitutional rights.

56. As a result of Defendants' unconstitutional conduct, Plaintiff suffered repeated physical injuries, emotional distress, pain, humiliation, and mental anguish.

06/19/2025

57. Plaintiff is entitled to compensatory damages under 42 U.S.C. §1983, and to punitive damages against the individual defendants pursuant to federal law for their willful, malicious, and reckless disregard for Plaintiff's rights.

### SIXTH CAUSE OF ACTION

Dangerous Condition of Public Property—Gov. Code §835 (*Against County of Riverside*)

58. Plaintiff realleges and incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

59. At all relevant times, Defendant County of Riverside owned, operated, and controlled CBDC, including cell BH64, where Plaintiff was housed.

60. A dangerous condition existed on the property—specifically, a leaking toilet that caused contaminated water to pool on the floor of Plaintiff's cell, creating a substantial risk of harm to anyone in the area, including Plaintiff.

61. Defendant County of Riverside:

(1) Created the condition through negligent construction, maintenance, or oversight;

(2) Had actual or constructive notice of the condition and sufficient time to correct it;

(3) Failed to take reasonable steps to protect against the risk posed by the condition.

62. As a direct and proximate result of the dangerous condition of public property, Plaintiff suffered physical injuries, pain, and emotional distress.

63. Plaintiff complied with the California Tort Claims Act by filing a timely claim, which was denied on October 17, 2024. This cause of action is timely filed within the six months of that denial.

06/19/2025

64. Plaintiff seeks damages according to proof against Defendant County of Riverside under Government Code §835

### SEVENTH CAUSE OF ACTION

Municipal Liability – 42 U.S.C. § 1983 (*Monell*)– (*Against County of Riverside*)

65. Plaintiff realleges and incorporates by reference paragraphs 1 through 64 as though fully set forth herein.

66. At all relevant times, Defendant County of Riverside acted under color of state law and through its agents, employees, and policymakers, including the Riverside County Sheriff's Department and its leadership.

67. Plaintiff alleges that Defendant County Riverside, through official policy, custom, or practice, permitted and/or maintained unconstitutional conditions of confinement in its detention facilities, including but not limited to:

(1) Failing to address known hazardous conditions such as leaking toilets and contaminated water in inmate housing units;

(2) Failing to conduct timely or adequate maintenance to prevent dangerous conditions;

(3) Failing to relocated injured or at-risk inmates from known hazardous conditions;

(4) Failing to adequately train or supervise custodial and maintenance staff regarding inmate safety and hazardous condition reporting.

68. These widespread failures reflect a custom or policy of deliberate indifference to the health, safety, and constitutional rights of inmates housed in Riverside County detention facilities.

06/19/2025

69. Defendant County of Riverside also failed to implement adequate oversight and monitoring systems to ensure staff addressed maintenance hazards and medical complaints in a timely and constitutional manner.

70. The injuries suffered by Plaintiff were not the result of isolated negligence, but rather were the foreseeable and proximate result of the County's longstanding failure to implement constitutionally compliant policies, training, supervision, or corrective mechanisms.

71. The pattern of inaction and systemic neglect constitutes a municipal policy or custom actionable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and its progeny.

72. As a direct and proximate result of these unconstitutional policies and customs, Plaintiff suffered repeated physical injuries, pain, emotional distress, and a violation of his clearly established rights under the Eighth and Fourteenth Amendments.

73. Plaintiff seeks compensatory damages against Defendant County of Riverside pursuant to 42 U.S.C. §1983 for the injuries caused by its unconstitutional policies and customs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against all Defendants with the exception of punitive damages which Plaintiff only prays for against individual Defendants as follows:

1. For general damages in an amount according to proof;

2. For special damages including medical expenses and out-of-pocket costs;

3. For emotional distress damages;

4. For punitive and exemplary damages as to the intentional torts;

5. For costs of suit herein incurred;

6. For any other relief the Court deems just and proper.

06/19/2025

7. For declaratory and injunctive relief, and attorney's fees pursuant to 42 U.S.C. §1983, as permitted by law."

8. An order requiring the County of Riverside to implement written procedures ensuring timely responses to documented inmate safety hazards, including repair of dangerous conditions and relocation of vulnerable inmates.

Dated: April 14, 2025

                                        Respectfully Submitted,

                                        BOND LAW LEGAL GROUP


                                        Royal DL Bond, Esq.
                                        Attorney for Plaintiff, Leonard Colbert

COMPLAINT FOR DAMAGES
14

06/19/2025

1

## VERIFICATION

2    I, Leonard Colbert, am the PLAINTIFF in the above-entitled matter. I have read the

3    foregoing VERIFIED CIVIL COMPLAINT FOR RELIEF AND DAMAGES and I know the

4    contents thereof. The contents are true of my own knowledge, except as to those matters stated

5    on information and belief, which I believe to be true.

6    I declare under penalty of perjury under the laws of the State of California that the

7    foregoing is true and correct.

8    Executed on Monday, April 14, 2025, at ___MORENO VALLEY___, California.

9

10

11

12    By: _Leonard Colbert_

13    Leonard Colbert, PLAINTIFF

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES
15